UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL LUNA,<br><br>    Defendant. | Crim. Action No. 05-0515M-03<br>DAR |

**MEMORANDUM OF FINDINGS OF FACT
AND STATEMENT OF REASONS IN
SUPPORT OF ORDER OF DETENTION**

**I.  INTRODUCTION**

Defendant is charged by criminal complaint with unlawful possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1).  A consolidated preliminary hearing and detention hearing was conducted before the undersigned United States Magistrate Judge on October 5, 2005.  The detention hearing was stayed until October 7, 2005, on which day, the detention hearing was completed.

Upon consideration of the proffers and arguments of counsel and the entire record herein, the Defendant was ordered held without bond pursuant to 18 U.S.C. § 3142(e).  The findings of fact and statement of reasons in support of the Order of Detention follows.

**II.  THE BAIL REFORM ACT**

The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq. (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e).  Thus, danger to the community alone is a sufficient basis upon which to

United States v. Luna                                                                                                          2

order pretrial detention.  <u>United States v. Salerno</u>, 481 U.S. 739, 755 (1987); <u>United States v. Simpkins</u>, 826 F.2d 94, 98 (D.C. Cir. 1987); <u>United States v. Perry</u>, 788 F.2d 100, 113 (3d Cir. 1986); <u>United States v. Sazenski</u>, 806 F.2d 846, 848 (8th Cir. 1986).

Where the government seeks pretrial detention on the ground that no condition or combination of conditions will reasonably assure the appearance of defendant as required, it has the burden of establishing by a preponderance of the evidence that the defendant will flee before trial if released.  <u>United States v. Vortis</u>, 785 F.2d 327, 328-29 (D.C. Cir.), <u>cert</u>. <u>denied</u>, 479 U.S. 841 (1986).  The judicial officer must determine that "it is more likely than not that no condition or combination of conditions will reasonably assure an accused's appearance." <u>United States v. Westbrook</u>, 780 F.2d 1185, 1188-89 (5th Cir. 1986).

In determining whether there are conditions of release which will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release.  18 U.S.C. § 3142(g).

A rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community arises if the judicial officer finds that there is probable cause to believe that the defendant committed an offense under the Controlled Substances Act, 21 U.S.C. § 801 <u>et</u> <u>seq.</u>, for which a maximum period of incarceration of ten years or more is prescribed, or an offense under 924(c) of Title 18.  18 U.S.C. § 3142(e).

United States v. Luna                                                                                                          3

### III.  DISCUSSION

Counsel for the government and counsel for the Defendant both proceeded by proffer. Counsel for Defendant proffered that he obtained a copy of Defendant's birth certificate which indicated Defendant was born in Fort Worth, Texas and not Mexico as the Pretrial Services Agency report had indicated.  Counsel for Defendant proffered that Defendant is a homeowner in Prince George's County, Maryland and that Defendant, if released, will reside with his wife in Silver Spring, Maryland.  Additionally, counsel for the Defendant proffered that Defendant has two jobs and will continue to remain employed upon release.  Furthermore, Counsel proffered as proof that Defendant is not a flight risk that Defendant is in the process of adopting his wife's child from a previous relationship.  Moreover, Counsel proffered that Defendant is in debt on his insurance and is near foreclosure on his home, which show that Defendant is not in the business of selling large quantities of illegal drugs.

Counsel for the government relied on the evidence that was presented at the earlier preliminary hearing.  At the hearing, a Metropolitan Police Department detective testified that another officer received a telephone call from a confidential informant alerting the police that an opportunity to purchase a significant amount of cocaine was available.  At the request of the officer, the confidential informant arranged for a meeting for the transaction to take place.  At the scene of the transaction, the officer testified that Defendant conducted multiple conversations regarding the narcotics acquisition with the confidential informant.  The witness also testified that Defendant sat in the passenger seat of the vehicle in which 2 kilograms of cocaine and a semi-automatic handgun were retrieved.  Lastly, Counsel for the government argued that Defendant's substantial debts were a reason that he would participate in the distribution of narcotics and not evidence of his lack of participation.

United States v. Luna                                                                                                           4

The Pretrial Services Agency reports that Defendant has no prior convictions.

## IV.  FINDINGS OF FACT

Upon consideration of the factors enumerated at Section 3142(g) of the Act, the undersigned finds by clear and convincing evidence that no condition of release or combination of conditions would reasonably assure the safety of the community.  First, the nature and circumstances of the offense charged indicate that defendant was actively engaged in the distribution of significant quantities of cocaine base.

Second, the undersigned finds, based upon the evidence elicited by the government that the weight of the evidence against the defendant is compelling.

Finally, the undersigned is satisfied that the toll which trafficking in cocaine base has taken and continues to take upon this community is well-documented and need not be repeated here.  The undersigned finds that evidence of defendant's significant involvement in the distribution of cocaine demonstrates that his release would pose a danger to the community, and that he is not amenable to community supervision.

The undersigned finds that defendant's proffer, while arguably sufficient to rebut the presumption of fugitivity, is wholly insufficient to rebut the presumption of dangerousness, see United States v. Alatishe, 768 F.2d 364, 371 (D.C. Cir. 1985) or the direct evidence thereof.

## V.  CONCLUSION

On the basis of the foregoing findings of fact and reasons, Defendant will be held without bond pursuant to the October 7, 2005 Order of Detention.

United States v. Luna                                                                                                       5

_____          _____
                                                                           DEBORAH A. ROBINSON
                                                                           United States Magistrate Judge

_____
     DATE


_____
NUNC PRO TUNC